IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL CARMIE ANTONELLI                                                    PLAINTIFF
REG. #04053-164

V.                              NO. 2:06CV00061 WRW-JWC

MARTHA DEPOORTER, et al                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

By order entered March 21, 2006 (docket entry #2), Plaintiff was directed to amend his complaint to specifically state: 1) how each individual Defendant named was personally involved in the actions of which he complained; 2) how each individual Defendant named violated his constitutional rights; 3) a short and concise explanation of his retaliation claim and the name of each Defendant involved; 4) a short and concise explanation of his due process claim in connection with his unit disciplinary and the name of each Defendant involved; 5) a short and concise explanation of his denial of medical care claim and the name of each Defendant involved; 6) a short and concise explanation of his legal mail tampering claim and the name of each Defendant involved; 7) a short and concise explanation of his personal property loss claim and the name of each Defendant involved; and 8) whether he intended to sue Defendants in an individual capacity, official capacity, or both.  Plaintiff was specifically directed to file an amended complaint that contained only the information requested in the Court's order.

Plaintiff is a pro se inmate who is currently confined to the Federal Correctional Complex in Forrest City, Arkansas.  On March 6, 2006, he filed this Bivens action[1] (docket entry #1) pursuant to 28 U.S.C. § 1331.  In his original complaint Plaintiff named eighteen separate Defendants to this action.  In response to the Court's order to amend, Plaintiff has

---

[1] Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

attempted to file an entirely new complaint in which he omits three of the original named Defendants[2] adds an additional ten Defendants[3] for a total of twenty-five named Defendants, and attempts to bring a class action on behalf of himself and "Plaintiffs A, B, C, through X, Y, Z and all those similarly situated." Plaintiff additionally attempts to allege causes of action pursuant to 28 U.S.C. §§ 1346, 1361, 2241, and 2201, as well as 5 U.S.C. § 552(a). His "amended" complaint consists of <u>sixty-three</u> handwritten pages.

Federal Rule of Civil Procedure 8(a)(2) warns that a pleading which sets forth a claim for relief shall contain "a <u>short and plain statement</u> of the claim showing that the pleader is entitled to relief . . . . " (emphasis added). In addition, Federal Rule of Civil Procedure 8(e)(1) states in part that "Each averment of a pleading shall be <u>simple, concise, and direct</u> . . . . (emphasis added). Plaintiff's proposed amended complaint is not only in flagrant violation of these Rules, but a mockery of this Court's order. The Court should neither entertain his sixty-three page response nor subject its staff or the Court's resources to it in an attempt to decipher the true essence of any legitimate claims he may have. Moreover, Plaintiff has demonstrated his complete lack of respect for pursuing the legitimate legal process as well as his unwillingness to comply with Court orders. For example, between April 12, 2006 and April 24, 2006 alone, Plaintiff filed four separate motions to consolidate four of his previously dismissed and closed 28 U.S.C. § 2241 habeas corpus actions with the present matter (<u>see</u> docket entries #13, #14, #15, #16, #18, #20, #21). He further attempts to raise claims herein related to civil rights, habeas corpus, the Federal Tort Claims Act, mandamus, the Declaratory Judgment Act, and the Freedom of Information Act.

---

[2] Defendants G. Shaver, Garcia, and Wanzer.

[3] Defendants Smith, Ward, Rick Marquez, Ford, Lisa Ward, the Federal Bureau of Prisons, J. Carroll, P. McBride, Pritkin, and "Jane Doe, John Doe through Jill Schmoe."

For these reasons, Plaintiff's case should be dismissed in its entirety without prejudice as frivolous due to his failure to prosecute this action diligently and his failure to comply with the Court's order. See Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

Plaintiff's case should also be dismissed as frivolous due to his failure to comply with the federal pleading requirements. See, Trobaugh v. Hyatt, 125 Fed. Appx. 755 (8th Cir. 2005) (unpub. per curiam) (plaintiff's complaint must comply with the federal pleading requirements) (citing Fed. R. Civ. P. 8(a) & (e) (requiring short and plain statement showing pleader is entitled to relief, and, that each averment in pleading be simple, concise, and direct) and Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986) (pro se litigants are not excused from complying with procedural law)); Chandler v. Pogue, 56 Fed. Appx. 756 (8th Cir. 2003) (unpub. per curiam) (district court did not abuse its discretion in granting defendants' motion to dismiss plaintiff's lengthy complaint for failure to comply with the requirements of Rule 8); Joos v. Schoeberal, 78 F.3d 588 (8th Cir. 1996) (unpub. table op.) (dismissal proper of rambling, 38-page amended complaint because "prolixity of pleading made it difficult to discern the substance of plaintiff's claims."); Nelson v. Farm Credit Servs., 19 F.3d 1437 (8th Cir. 1994) (unpub. table op.) ("The liberal construction afforded

a pro se pleading is limited by reasonableness"; district court did not abuse its discretion in dismissing plaintiffs' complaint without prejudice after they ignored the court's order and failed to file an amended complaint that complied with the requirements of Rule 8).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[4]

DATED this 2nd day of May, 2006.

                                                                    _____
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.